**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000307
13-AUG-2025
07:57 AM
Dkt. 48 SO**

NO. CAAP-23-0000307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DEMPSEY MACARAEG, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-22-00704)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Dempsey Macaraeg (**Macaraeg**) appeals from the April 13, 2023 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the Waiʻanae Division of the District Court of the First Circuit (**District Court**).[1]

Macaraeg raises two points of error on appeal, contending that: (1) the District Court erred in admitting into evidence Plaintiff-Appellee State of Hawaii's (**State's**) Exhibits 1-4; and (2) insufficient evidence was adduced at trial to support Macaraeg's conviction for a violation of Hawaii Revised Statutes (**HRS**) § 291C-27 Emergency Vehicle Stopped for

---

[1] The Honorable Thomas Haia presided.

Emergencies; Duty of Approaching Vehicle (2020) (**Duty of Approaching Vehicle**).[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Macaraeg's points of error as follows:

(1)  Macaraeg was charged with and convicted of two counts:  (1) Operating a Vehicle After License and Privilege Have Been Suspended or Revoked For Operating a Vehicle Under The Influence of an Intoxicant in violation of HRS § 291E-62 (a)(1)

---

[2]      HRS § 291C-27 provides, in relevant part:

> **§ 291C-27  Emergency vehicle stopped for emergencies; duty of approaching vehicle.**  (a) A driver of a vehicle that is approaching an emergency vehicle that is stopped for an emergency, investigation of a possible traffic violation, rendering assistance to a police officer, or other official duties, as indicated by the flashing emergency lights of the stopped emergency vehicle, shall:
>
> (1)    Slow down to a reasonable and prudent speed that is safe under the circumstances of an emergency road situation ahead.  Reasonableness and prudence shall take into account weather conditions, road conditions, and vehicular and pedestrian traffic in the immediate area.  If necessary, the driver shall come to a complete stop before making a lane change under paragraph (2); and
>
> (2)    Make a lane change into the adjacent lane if necessary and if it is safe to do so, or if possible, to two lanes over which leaves one lane between the driver and the emergency vehicle.
>
> (b)  As used in this section, "emergency vehicle" means a police or fire department vehicle, ocean safety vehicle, emergency medical services vehicle, freeway service patrol vehicle, sheriff division vehicle, Hawaii emergency management agency vehicle, county emergency management vehicle, civil defense vehicle, department of transportation harbors division vehicle, department of land and natural resources division of conservation and resources enforcement vehicle, or a tow truck.

and/or (a)(2) (2020) (**OVLSR-OVUII**);[3] and (2) Duty of Approaching Vehicle.

Macaraeg argues that the State's Exhibits 1-4 are not relevant.[4]

Exhibit 1 was a four-page Honolulu Police Department (**HPD**) form entitled Notice of Administrative Revocation (**Notice Form**). It was admitted into evidence through the testimony of HPD Officer John Kim (**Officer Kim**), who had previously arrested Macaraeg for Operating a Vehicle Under The Influence of an Inoxicant (**OVUII**) on May 19, 2021, read Macaraeg the form verbatim, and informed Macaraeg that if he refused to be tested for OVUII, his driver's license would be automatically revoked for two years. Officer Kim testified that Macaraeg refused to be tested, that Officer Kim took Macaraeg's license and further advised him, *inter alia*, that the Administrative Driver's Licence Revocation Office (**ADLRO**) would conduct an administrative review and advise Macaraeg of their decision. Macaraeg refused to sign

_____

[3]     HRS § 291E-62 provides, in relevant part:

**§ 291E-62  Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section, part III, section 291E-61 or 291E-61.5, or part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

(1)    In violation of any restrictions placed on the person's license;

(2)    While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

[4]     We note that Macaraeg does not contend that, and/or identify where in the record, he objected to these exhibits on relevance grounds. However, the State makes no argument that Macaraeg's relevance arguments should be deemed waived.

the Notice Form, but had no questions about it. Officer Kim explained, and the form stated, that if Macaraeg's driver's license was not administratively revoked, it would be returned to him. At the time of the traffic stop at issue here, Macaraeg told HPD Sergeant Steven A.Y. Chun (**Sergeant Chun**) that he did not have a license.

We conclude that Exhibit 1 was relevant because, *inter alia*, it tended to show that Macaraeg knew his driver's license was revoked, and that he recklessly operated or assumed actual physical control of a vehicle while his license was revoked as he consciously disregarded a substantial and unjustifiable risk that such circumstances – that his license was revoked – existed. See HRS § 702-204 (2014) & HRS § 702-206 (2014).[5]

Officer Kim also testified that on May 19, 2021, he went over Exhibit 2 – a Sanctions for Use of Intoxicants While Operating a Vehicle and Implied Consent For Testing form (**Sanctions Form**) – with Macaraeg and that Macaraeg initialed and signed that form. The Sanctions Form includes that "[i]f you

---

[5]     HRS § 702-204  provides:

> **§ 702-204  State of mind required.** Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

HRS § 702-206 states, *inter alia*, that a person acts "recklessly" when either (a) "he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature," or (b) "[a] person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist." Because HRS § 291E-62 does not specify a state of mind for a finding of its violation, the State was required to prove that Macaraeg acted intentionally, knowingly, or recklessly as to each element of the crime. See State v. Vliet, 95 Hawai‘i 94, 95, 19 P.3d 42, 43 (2001).

refuse to take any tests and your record shows no prior alcohol or drug enforcement contact during the five years preceding the date the notice of administrative revocation was issued, your license and privilege to operate a vehicle will be revoked for a period of two years." Similar to Exhibit 1, the Sanctions Form makes it more probable than not that Macaraeg understood that his decision not to get tested meant his license had been revoked for two years, and that he consciously disregarded the substantial and unjustifiable risk that he was operating his vehicle despite having his license revoked due to the prior OVUII. Macaraeg's relevance argument is without merit.

The State's Exhibit 3 was a certified copy of a Notice of Administrative Review Decision dated June 10, 2021. As Macaraeg acknowledges, Exhibit 3 tended to show that Macaraeg's license was in fact revoked at the time of his alleged violation of OVLSR-OVUII. It was relevant to establish that element of the offense.

State's Exhibit 4 was a certified traffic abstract, which also shows that Macaraeg's driver's license was revoked. Macaraeg's argument that it was not relevant is without merit.

Accordingly, we conclude that Macaraeg is not entitled to relief based on his first point of error.

(2) Macaraeg argues that there was insufficient evidence to support his conviction for Duty of Approaching Vehicle because HPD Sergeant Chun testified that he was "driving a subsidized motor vehicle," but no evidence was adduced that Macarael failed to heed the presence of an "emergency vehicle" within the meaning of HRS § 291C-27.

However, in addition to testifying that on May 7, 2022, at the time he initiated a traffic stop on Macaraeg, he was driving his "subsidized motor vehicle," Sergeant Chun testified that he was on duty and assigned as the acting lieutenant of the traffic division's first watch where he was in charge of supervising the night enforcement unit. Sergeant Chun further testified that he was "on a separate traffic stop" when Macaraeg sped past him, and that at the time, he had his "lights on pursuant to the traffic stop [he] was already on."

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (cleaned up). Additionally, "as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). Here, there is substantial evidence that Sergeant Chun's vehicle was a police emergency vehicle, given the reasonable inference drawn from Sergeant Chun's testimony, including that he had effectuated a traffic stop, with the emergency lights on his vehicle turned on. Sergeant Chun further testified that Macaraeg did not reduce his speed to a safe and prudent speed, or move over to the next lane, which he had "ample room" to do, when he passed Sergeant Chun. We conclude that there was sufficient evidence to support the District Court's conclusion that Macaraeg was guilty of violating Duty of Approaching Vehicle.

For these reasons, the District Court's April 13, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, August 13, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Walter J. Rodby,
for Defendant-Appellant.                /s/ Keith K. Hiraoka
                                        Associate Judge
Stephen K. Tsushima,
Deputy Prosecuting Attorney,            /s/ Kimberly T. Guidry
City & County of Honolulu,              Associate Judge
for Plaintiff-Appellee.